UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS HAYDEN AND<br>    JAQUELINE HAYDEN | CIVIL ACTION |
| VERSUS | NO. 15-2275 |
| 3M COMPANY, *et al* | SECTION "N"  (3) |

### ORDER & REASONS

Now before the Court is Plaintiffs Thomas Hayden and Jaqueline Hayden's (collectively "the Haydens") "Motion to Remand" (Rec. Doc. 6). Defendant Carrier Corporation ("Carrier") filed a response in opposition (Rec. Doc. 25). Defendant Wyeth Holdings Corporation, formerly known as American Cyanamid Company, ("ACC") filed an opposition as well (Rec. Doc. 26). The Haydens filed a reply (Rec. Doc. 41). ACC filed a sur-reply (Rec. Doc. 97). For the reasons stated herein, the Motion to Remand is hereby **GRANTED**.

**I. Background**

The Haydens alleged in their Petition that Thomas Hayden suffers from mesothelioma due to exposure to asbestos or asbestos-containing products that occurred during his lifetime. (Rec. Doc. 6-1). The Haydens brought suit in the Civil District Court for the Parish of Orleans against seventy-eight (78) different defendants alleging strict liability and negligence that resulted in Thomas Hayden's alleged exposure to asbestos. (Rec. Doc. 1-1). Among the seventy-eight defendants are alleged miners, manufacturers, sellers, suppliers, and/or distributors of asbestos or asbestos-containing products, as well as employers and premises owners, and an insurer. (*Id.*). In their Petition, the Haydens included the following language:

> Plaintiffs, in this case only, disclaim any and all causes of action for any exposures of any kind to asbestos dust while Thomas Hayden was enlisted in or serving in the United States Navy aboard ship, in port, or in any federal enclave. Plaintiff further disclaims any cause

>of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiff also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omission of a party committed at the direction of an officer of the United States Government.

(Rec. Doc. 1-1 at p. 7).

Thomas Hayden's deposition was taken on May 28, 2015.  During that deposition, Thomas Hayden discussed, at length, his potential exposure to asbestos during his time with the U.S. Navy. Specifically, Mr. Hayden expounded on his exposure aboard the USS EDSON to dust potentially containing asbestos that resulted from contact with "force draft blowers," which Thomas Hayden indicated in his testimony were manufactured by Carrier and another defendant, Air & Liquid Systems Corporation, successor to Buffalo Pumps, Inc.  (Rec. Doc. 1-2 at p. 3).  Based on this deposition testimony, Carrier removed the case from Louisiana state court on the grounds that the testimony constitutes an allegation against Carrier for asbestos exposure resulting from his work around the "force draft blowers."  In particular, Carrier alleges that removal was proper pursuant to federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1), because the "forced draft blowers" were specifically designed and manufactured for, and at the direction of, the United States Government. (Rec. Doc. 1 at p. 2).  The Haydens moved to remand on June 25, 2015.  (Rec. Doc. 6).

**II. Law and Analysis**

Federal courts are courts of limited jurisdiction, and removal statutes are to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The removing party bears the burden of establishing federal jurisdiction over the controversy at issue.  *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).  Carrier has invoked federal jurisdiction on the grounds that federal officer removal jurisdiction, 28 U.S.C. §

1442(a)(1), applies here. "Because of its broad language and unique purpose, the federal officer removal statute has been interpreted to operate somewhat differently than the general removal provision. Unlike the general removal statute, which must be strictly construed in favor of remand, the federal officer removal provision's broad language must be liberally interpreted." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529-30 (E.D. La. 2011) (citing *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)).

Section 1442(a)(1) provides for federal officer removal jurisdiction when a defendant is "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." Federal officer removal is justified when (1) the defendant is a "person" within the meaning of the statute, (2) the defendant acted pursuant to a federal officer's direction when committing the alleged acts that give rise to the injury, and (3) the defendant can assert a colorable defense. *Willingham v. Morgan*, 395 U.S. 402 (1969).

Carrier removed the case to this Court on the grounds that Thomas Hayden's testimony indicates the intent to pursue a claim against Carrier for exposure resulting from contact with the "force draft blowers" while Thomas Hayden served aboard the USS EDSON. Carrier argues that it can assert a colorable defense of government contractor immunity because Carrier was acting at the specific direction and control of the U.S. Government when designing and manufacturing the "force draft blowers." Thus, Carrier avers, federal officer removal jurisdiction is appropriate here.

In their motion, the Haydens argue that they have specifically disclaimed any claim against the defendants "for anything that a federal officer or agency may have compelled defendants to do." (Rec Doc. 6-1 at p. 2)  Moreover, the Haydens aver that they are not seeking to recover "from Carrier... or anyone else for <u>anything</u> they [Carrier] supplied the U.S. Navy or to which Mr. Hayden was exposed to in the U.S. Navy." (*Id.*) (emphasis in original).  The Haydens assert that they are only pursuing claims against Carrier and the other defendants for Mr. Hayden's exposure while working at the refineries and other land-based industrial sites.  (*Id.*).  Therefore, the Haydens contend, federal jurisdiction is improper because there is no valid defense for a cause of action that they have explicitly disclaimed.

In response, Carrier argues that the disclaimer cannot defeat this Court's subject matter jurisdiction because the disclaimer is illusory and circular.  (Rec. Doc. 25 at p. 4-5).  Similarly, Carrier asserts that it is incongruous and disingenuous to disclaim any causes of action arising from Mr. Hayden's term with the Navy while simultaneously eliciting testimony to support those claims.  (*Id.* at p. 5).  In addition, co-defendant ACC argues, in its response, that the Haydens have effectively revoked the disclaimer by eliciting testimony relating to Thomas Hayden's exposure while serving in the Navy. (Rec. Doc. 26 at p. 1).  ACC also contends, in the alternative, that federal officer removal jurisdiction is appropriate because ACC has raised the government contractor defense when it pled the affirmative defense of comparative fault attributable to any defendants who supplied, manufactured, produced, or provided the Navy with asbestos or asbestos containing products to which Mr. Hayden was exposed.  (*Id.*).

The Court finds that the disclaimer at issue in this case is similar to those seen in *Phillips v. Asbestos Corp. Ltd.*, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014), *Dougherty v. A.O. Smith Corp.*, No. CV 13-1972, 2014 WL 4447293 (D. Del. Sept. 8, 2014), and *Frawley v. Gen. Elec. Co.*,

4

2007 WL 656857 (S.D.N.Y. Mar. 1, 2007). In each of those cases, the court found remand appropriate where the plaintiff expressly renounced the pursuit of any causes of action related to the plaintiff's exposure while in the military or working on a government work site. *Id.* Each court found that the disclaimers at issue explicitly renounced claims of a specific nature and thus were dissimilar from other invalid disclaimers that merely attempted circumvent federal jurisdiction. *See id.*

After considering the parties' submissions, the relevant case law, and the Haydens' original Petition, the Court agrees with the Haydens and finds that remand is appropriate here. In their Petition, the Haydens expressly limited their claims to exclude any causes of action for exposure while Thomas Hayden was "enlisted or serving in the United States Navy aboard ship, in port, or in any federal enclave." (Rec. Doc. 1-1 at p. 7). The disclaimer at issue disavows the pursuit of damages that may have resulted from asbestos exposure during Thomas Hayden's time in the Navy. Carrier's only asserted ground for removal is the May 28th deposition testimony pertaining to Mr. Hayden's potential exposure while working around "forced draft blowers" on the USS EDSON. However, the Petition explicitly denies a cause of action based on these facts. Moreover, the Haydens re-affirmed, in their motion, that they are not pursuing any claims against defendants for exposure during Thomas Hayden's service in the military, but only for exposure that occurred while he worked at "refineries and other land-based industrial sites" around Louisiana. (Rec. Doc. 6-2 at p. 2). The Court sees no reason to disbelieve the Haydens' explicit renunciation of any claims arising from Thomas Hayden's military service.

In essence, the Court finds that Carrier does not have a valid government contractor defense, and thereby removal authority, for a claim that is not alleged in the Petition nor pursued by the plaintiffs. Based on Plaintiffs pleading and representations in their motion, the Haydens are not

5

alleging a claim for asbestos exposure resulting from contact with the "forced draft blowers."

Additionally, the Court finds that the cases cited by Defendants in support of removal are inapposite due to the fact the Haydens' disclaimer eliminates any cause of action related to exposure while Mr. Hayden was in the Navy and the only valid grounds for removal relate to that specific time period. On the other hand, the Court agrees with Defendants that, should the Haydens *actually pursue* claims for exposure to which federal officer removal jurisdiction may apply, this Court is the proper venue for such a determination. However, the facts, as developed thus far, do not support removal at this time. The Court rejects the finding that, by eliciting deposition testimony relating to potential exposure while aboard a naval vessel, the Haydens have revoked the clear and express disclaimer contained in the Complaint and re-affirmed in their motion to remand, upon which the Court relies herein.

The Court also finds ACC's alternative argument, that ACC's assertion of comparative fault cross-claims based on the government contractor defense provides a sufficient basis for federal officer removal jurisdiction under 28 U.S.C. 1442(a)(1), is without merit. *See e.g.*, *Dougherty* 2014 WL 4447293; *Lara v. CBS Corp.,* No. CV 13-5569, 2013 WL 4807168, at *2 (C.D. Cal. Sept. 6, 2013) (finding comparative fault insufficient to establish jurisdiction because the removal statute requires defendant to raise a colorable "defense" to a "claim"). Moreover, notice of removal must be filed within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Therefore, ACC's removal grounds have been untimely asserted under the statute.[1]  Accordingly, remand is

---

[1] Although the Court finds the grounds for removal asserted by ACC to be without merit, the Court additionally finds that, if the opposite were true, i.e. pleading comparative fault

appropriate. However, nothing in this Court's Order precludes a party from arguing comparative fault in the state court proceeding or from seeking future removal should the appropriate grounds arise during discovery or otherwise.

### III. Conclusion

For the reasons stated herein, the Court does not find that removal was appropriate under the circumstances. Consequently, the Court hereby **GRANTS** Plaintiffs Motion for Remand (Rec. Doc. 6), and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, each party to bear its own costs.

New Orleans, Louisiana, this 10th day of August 2015.

                                                **KURT D. ENGELHARDT**
                                                **United States District Judge**

---

against other parties and non-parties is sufficient to give rise to removal jurisdiction under 28 U.S.C. § 1442, ACC's removal would have been untimely because the "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" would have been the Petition filed on April 20, 2015. Thus, the 30-day removal window would have expired on May 20, 2015. The instant removal proceeding was initiated on June 22, 2015, and ACC did not raise the comparative fault argument until July 8, 2015.